

Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 50346 | **DATE** | 4/16/2002 |
| **CASE TITLE** | Gayman vs. Principal Mutual Holding Co., et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendants' motion to dismiss

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   For the reasons stated on the reverse Memorandum Opinion and Order, defendants' motion to dismiss is granted. This case is hereby dismissed in its entirety.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| No notices required, advised in open court. | | Document Number |
|---|---|---|
| No notices required. | number of notices | |
| ✗ Notices mailed by judge's staff. | APR 18 2002 date docketed | 30 |
| Notified counsel by telephone. | | |
| Docketing to mail notices. | | |
| ✗ Mail AO 450 form. | docketing deputy initials | |
| ✗ Copy to judge/magistrate judge. | 4-17-02 date mailed notice | |
| /LC courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials |

(Reserved for use by the Court)

# MEMORANDUM OPINION AND ORDER

Plaintiff, Esther L. Gayman, has filed a five-count complaint against various defendants, all of which are in some way affiliated with Principal Life Insurance Co., an Iowa corporation (all defendants will be referred to collectively as "Principal"). Bringing all of her claims under 42 U.S.C. § 1983, Gayman alleges Principal's conversion from a mutual insurance holding company to a stock company, or "demutualization," constitutes a taking of private property without just compensation in violation of the Fifth and Fourteenth Amendments (Counts I and II), and violates both the Commerce Clause (Count III) and the Contracts Clause (Counts IV and V). Before the court is Principal's motion to dismiss for failure to state a claim, filed pursuant to Federal Rule of Civil Procedure 12(b)(6).[1]

Although Principal has raised a number of reasons why it believes Gayman's complaint must be dismissed, the court focuses only on the first of these as it underpins the entire case. Because all of her claims are based on § 1983, Gayman must show Principal acted "under color of state law," which means its conduct must satisfy the "state action" requirement of the Fourteenth Amendment. See American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 n.8 (1999). Thus, the question before the court is whether Principal's decision to demutualize may be "fairly attributable" to the state of Iowa. Id. at 51. To show that it is, Gayman points out that Iowa law required Principal, which is concededly a purely private corporation, to have its conversion plan reviewed and approved by Iowa's Commissioner of Insurance ("Commissioner"). See Iowa Code § 508B.7. Under Iowa's conversion law, the Commissioner may conduct hearings if appropriate and, as she did in Principal's case, retain consultants in preparing a lengthy and detailed report where she made her findings of fact and conclusions of law, explaining why in her opinion Principal's plan met the statutory requirements for conversion. (Def. Exh. C) In the court's opinion, however, none of this transforms Principal's decision to convert into state action and Gayman's arguments to the contrary stretch the state action doctrine too far.

As the Supreme Court has said before, "[a]ction taken by private entities with the mere approval or acquiescence of the State is not state action." Sullivan, 526 U.S. at 52 (citations omitted). What matters here is that neither the Commissioner nor the state of Iowa were involved in the "purely private choice" made by Principal to demutualize. See Flagg Bros., Inc. v. Brooks, 436 U.S. 149, 165 (1978). Because the decision and initiative to convert came entirely from Principal and not from the Commissioner, Principal's exercise of a statutory right allowed by Iowa law "does not make its action in doing so 'state action.'" Jackson v. Metropolitan Edison Co., 419 U.S. 345, 357 (1974). Gayman herself all but acknowledges this in her response brief when she says that the "specific conduct that is alleged here is *not that the State forced Principal to demutualize . . . .*" (Pl. Resp., p. 13) (emphasis in original) But that is exactly the point. It is precisely because the Commissioner did *not* order the demutualization that there is no state action. See id. ("Approval by a state utility commission of . . . a request from a regulated utility, *where the commission has not put its own weight on the side of the proposed practice by ordering it*, does not transmute a practice initiated by the utility and approved by the commission into 'state action.'") (emphasis added). The bottom line is that the Commissioner was "in no way responsible" for Principal's original decision to demutualize, Flagg Bros., 436 U.S. at 165, and her mere approval of that decision is simply not enough to trigger state action.

A majority of lower courts have come to the same conclusion in the "demutualization" context, holding that a private insurance company's decision to convert from mutual to stock form did not involve state action, even when the conversion required state approval. See Tancredi v. Metropolitan Life Ins. Co., 149 F. Supp. 2d 80, 84-86 (S.D.N.Y. 2001); Cranley v. National Life Ins. Co. of Vt., 144 F. Supp. 2d 291, 303-04 (D. Vt. 2001); Crandall v. Alderfer, No. 97-CV-957, 1999 WL 116293, at *3 (E.D. Pa. Mar. 5, 1999). But see Lovell v. Peoples Heritage Sav. Bank, 776 F. Supp. 578, 581-88 (D. Me. 1991). In fact, the plaintiff's allegations in Tancredi are virtually identical to Gayman's allegations here, perhaps explained by the fact that plaintiffs' counsel in Tancredi also represents Gayman. See Tancredi, 149 F. Supp. 2d at 83. Though not exactly on point, the Seventh Circuit has also held in an analogous context that a plaintiff could not sustain a constitutional due process claim against a privately-owned savings and loan association for converting from mutual to stock form for lack of state action, despite the fact that the conversion required the S & L to obtain the approval of, and follow the procedures of, the federal Office of Thrift Supervision. See Ordower v. Office of Thrift Supervision, 999 F.2d 1183, 1187 (7th Cir. 1993). Given this authority, the court finds Gayman's suit fails the state action requirement and her entire complaint must therefore be dismissed.

For the reasons stated above, Principal's motion to dismiss is granted and this case is hereby dismissed in its entirety.

---

[1] Although both sides have introduced numerous exhibits either in support of or in response to the motion to dismiss, the court has not converted the motion into one for summary judgment. See Fed. R. Civ. P. 12(b). This is primarily because many of the exhibits are not relevant to the court's analysis in this order. To the extent some of them are, the court may consider them because they are either attached to the complaint or incorporated by reference in the complaint and central to Gayman's allegations. See Fed. R. Civ. P. 10(c); Wright v. Associated Ins. Cos. Inc., 29 F.3d 1244, 1248 (7th Cir. 1994). The parties themselves agree this is so and also have informed the court by letter that they agree there are no issues of fact that would affect the court's ruling on the purely legal issues raised by Principal's motion, so giving them an opportunity to supplement the record with additional materials is simply not necessary in this case.